United States District Court
Southern District of Texas
**ENTERED**
March 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ELIO MANUEL VASQUEZ SANOJA,** § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00011 |
| § | |
| **WARDEN,** *et al.*, § § | |
| Defendants. § | |

## ORDER

Pending before the Court is Petitioner Elio Manuel Vaszquez Sanoja's ("Petitioner") Petition for Writ of Habeas Corpus. (Dkt. 1.) Petitioner challenges the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS), arguing that his detention is a violation of his statutory rights under the Immigration and Nationality Act as well as his Fifth Amendment Due Process Rights, and that Temporary Protected Status independently renders his detention unlawful.

On January 7, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and Motion for an Emergency Temporary Restraining Order. (Dkt. 1.) On January 8, 2026, the Court granted in part Petitioner's request for an emergency temporary restraining order, (Dkt. 1, Attach. 1) and found that Petitioner's detention without a bond hearing violated the Immigration and Nationality Act (INA) as a matter of statutory interpretation. (Dkt. 4.) The Court ordered Respondents to provide Petitioner with a bond hearing. (*Id*.) Respondents complied with the Court's order, and Petitioner was provided with a bond hearing on January 13, 2026, at which an Immigration Judge denied Petitioner bond after finding that Petitioner was not a danger to the community or a national security risk, but that he deemed Petitioner to be a flight risk. (Dkt. 7.)

On January 8, 2026, the Court further ordered Respondents to show cause and submit a response to Petitioner's Petition for Writ of Habeas Corpus by January 16, 2026, and ordered Petitioner to file a reply to Petitioner's response on or before January 20, 2026. (Dkt. 3.) Respondents filed a timely response. (*See* Dkt. 8.) Respondents notified the Court in their Response that Petitioner was granted voluntary departure under safeguards and that Petitioner would voluntarily depart the United States on or before February 13, 2026. (Dkt. 8, Attach. 2.) Respondents argued that 1) the Habeas Petition is moot in light of Petitioner's grant of voluntary departure, 2) the Court is without jurisdiction to review an IJ's discretionary decision to deny bond, and 3) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a matter of statutory interpretation. (Dkt. 8.) Petitioner filed a reply to Respondents' response, arguing that his Petition is not moot because Petitioner remains physically detained. (Dkt. 14 at 2.)

Petitioner is **ORDERED** to submit an amended petition and/or supplemental briefing explaining what claims, if any, remain pending with the Court by **March 10, 2026**. Respondents are **ORDERED** to respond to Petitioner's filing by **March 17, 2026**. Petitioner may file a reply to Respondents response on or before **March 20, 2026**.

IT IS SO ORDERED.

SIGNED this March 4, 2026.

_____
Diana Saldaña
United States District Judge