United States District Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ELIO MANUEL VASQUEZ SANOJA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00011** |
| | § | |
| **WARDEN,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court is Petitioner Elio Manual Vasquez's ("Petitioner") Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 19), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS) as well as Petitioner's Motion for Leave to File Out-of-time Reply to Respondent's Motion to Dismiss and Response, and Emergency Motion for Limited Preservation Relief, (Dkt. 23), and Petitioner's Emergency Motion for Temporary Restraining Order, (Dkt. 25). Respondents responded to Petitioner's Amended Petition and have shown that Petitioner is being lawfully detained under 8 U.S.C. § 1231(a)(1), pursuant to a final order of removal. (Dkt. 21 at 4, Attachs. 2, 3.) For the below stated reasons, Petitioner's Amended Petition for Writ of Habeas Corpus, (Dkt. 19), is DENIED. Petitioner's pending motions, (Dkts. 20, 25) are DENIED as MOOT. Respondents Motion to Dismiss Amended Petition for Writ of Habeas Corpus, (Dkt. 21), is DENIED as moot.

## Background

On January 7, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and Motion for an Emergency Temporary Restraining Order, challenging the lawfulness of his detention by ICE.

1 / 7

(Dkt. 1.) On January 8, 2026, the Court granted in part Petitioner's request for an emergency temporary restraining order, (Dkt. 1, Attach. 1), and found that Petitioner's detention without a bond hearing violated the Immigration and Nationality Act (INA) as a matter of statutory interpretation. (Dkt. 4.) The Court ordered Respondents to immediately release Petitioner or provide him with a bond hearing. (*Id.*) Respondents complied with the Court's order, and Petitioner was provided with a bond hearing on January 13, 2026, at which an Immigration Judge (IJ) denied Petitioner bond after finding that Petitioner was not a danger to the community or a national security risk, but that he deemed Petitioner to be a flight risk. (Dkt. 7.)

On January 8, 2026, the Court further ordered Respondents to show cause and submit a response to Petitioner's Petition for Writ of Habeas Corpus by January 16, 2026, and ordered Petitioner to file a reply to Petitioner's response on or before January 20, 2026. (Dkt. 3.) Respondents filed a timely response. (*See* Dkt. 8.) Respondents notified the Court in their Response that Petitioner was granted voluntary departure under safeguards and that Petitioner would voluntarily depart the United States on or before February 13, 2026. (Dkt. 8, Attach. 2.) Respondents argued that 1) the Habeas Petition is moot in light of Petitioner's grant of voluntary departure, 2) the Court is without jurisdiction to review an IJ's discretionary decision to deny bond, and 3) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a matter of statutory interpretation. (Dkt. 8.) After Petitioner failed to respond to Respondents' Motion to Dismiss, the Court ordered Petitioner to reply by January 29, 2026, and to indicate whether Petitioner was opposed to dismissal of Petitioner's Petition as moot in light of the changed circumstances since Petitioner filed his petition, namely that he was granted voluntary departure under safeguards. (Dkt. 13.) Petitioner filed a status report and advisory stating that his petition was not moot because Petitioner remains physically detained. (Dkt. 14.)

2 / 7

The Court then ordered Petitioner to submit an amended petition and/or supplemental briefing to clarify what claims, if any, remain pending with the Court by March 10, 2026. (Dkt. 18.) Petitioner then submitted an Amended Petition on March 10, 2026. (Dkt. 19.) Petitioner also submitted an Emergency Motion to Expedite Release. (Dkt. 20.) Respondents, in turn, filed a timely Motion to Dismiss and Response to Amended Petition. (Dkt. 21.) Petitioner then filed a Motion for Leave to File Out-of-Time Reply to Respondents' Motion to Dismiss. (Dkt. 23.) Finally, Petitioner further submitted an Emergency Motion for Temporary Restraining Order, (Dkt. 25.)

## Legal Standards

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Accordingly, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention. *Id*. (citing 28 U.S.C. § 2241(c)(3)); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

Moreover, a Court is not required to hold a hearing when the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Trejo v. Warden of ERO El Paso E. Montana*, 2025 WL 2992187, at *2 (W.D. Tex. Oct. 24, 2025) (citation omitted).

## Discussion

As a preliminary matter, Petitioner's Motion for Leave to File Out-of-Time Reply to Respondents Motion to Dismiss and Emergency Motion for Limited Preservation Relief, (Dkt.

3 / 7

23), is GRANTED IN PART. Specifically, the Court grants Petitioner's Motion for Leave to File Out-of-Time Reply and considers the arguments raised in his Reply.

Petitioner argues in his Amended Petition that there remain three live pending claims with the Court: 1) Petitioner's continued detention past his voluntary departure deadline is unlawful under the INA and the Constitution, 2) Petitioner's detention falls under 8 U.S.C. § 1226(a), not § 1225(b)(2)(A) and 3) Petitioner may not be removed until his wife's pending asylum claim is concluded and will be subject to prolonged detention as a result. (Dkt. 19 at 2–3.) Petitioner further argues in his Emergency Motion to Expedite and for Immediate Release that Petitioner's "continued detention after February 13, 2026, while ICE prevents departure is arbitrary and untethered to a legitimate regulatory purpose, violating due process." (Dkt. 20 at 1.)

Respondents, in turn, filed a timely Response and Motion to Dismiss the Amended Petition, informing the Court that Petitioner is subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231(a)(1) while Enforcement and Removal Operations work to effectuate Petitioner's removal order. (Dkt. 21 at 1–4, Attach. 3 at 3.)  Petitioner's Reply to Respondents Motion to Dismiss does not directly dispute that Petitioner is currently subject to a final order of removal, but instead, asserts without legal basis that Petitioner is detained pursuant to 8 U.S.C. 1226. (Dkt. 23, Attach. 1 at 2.) Petitioner further asserts, that "[e]ven if Respondents are correct that § 1231(a) is the current detention framework, Petitioner's continued detention remains reviewable by habeas corpus, and Respondents cannot extend detention by invoking § 1231(a)(1)(C)." (Dkt. 23, Attach. 1 at 1.)

Petitioner has not demonstrated that his current detention is unlawful and misconstrues Respondents arguments and the applicable statutes. Respondents, in turn, have provided a lawful basis for Petitioner's current detention. It is undisputed that on January 14, 2026, an IJ granted

4 / 7

Petitioner's pre-conclusion voluntary departure under safeguards under Immigration and Nationality Act § 240B(a), 8 U.S.C. 1229c, in lieu of removal, without expense to the Government, on or before February 13, 2026. (*See* Dkt. 21, Attach. 2.) The IJ's order indicated that "if any of the above-ordered conditions are not met as required or if Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings" and an order of removal to Venezuela "shall become immediately effective." (*Id.*, Attach. 2 at 3–4.) The IJ order granting voluntary departure also explicitly stated that "if Respondent files a motion to reopen or reconsider during the voluntary departure period, the period allowed for voluntary departure will not be stayed, tolled, or extended, the grant of voluntary departure will be terminated automatically, the alternate order of removal will take effect immediately." (*Id.*, Attach. 2 at 4); *see* 8 C.F.R. § 1240.26(b)(3)(iii) ("If the alien files a post-decision motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall be terminated automatically, and the alternate order of removal will take effect immediately.")

On February 13, 2026, the last day of the voluntary departure period, Petitioner filed a Motion to Reopen his immigration proceedings. (Dkt. 21, Attach. 3.) The IJ then issued an order on February 21, 2026, denying Petitioner's Motion to Reopen his immigration proceedings and stating that after Petitioner filed his Motion to Reopen, his "grant of voluntary departure was accordingly terminated automatically, and the alternative order of removal to Venezuela took effect immediately. Respondent is now subject to a final order of removal." (*Id.*, Attach. 3) (citing 8 C.F.R. 1240.26(b)(3)(iii), (e)(1)); *see also* 8 C.F.R. § 1241.1(f) ("An order of removal made by the immigration judge…shall become final…if an immigration judge issues an alternate order of

removal in connection with a grant of voluntary departure. . . .”). Accordingly, the Court finds that Petitioner is subject to a final order of removal.

Section 1231 generally governs post-removal order detention, or detention of a noncitizen subject to a “final order of removal.” 8 U.S.C. § 1231. Pursuant to § 1231, once an immigration judge issues a removal order and that order becomes “final,” the Attorney General has ninety days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he is potentially eligible for supervised release until removal can be accomplished. *See* 8 U.S.C § 1231(a)(3). Here, Petitioner is subject to a final order of removal as noted above and remains within the 90-removal-period. Accordingly, Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(1)(A). (*See* Dkt. 21 at 4–7.)

## Conclusion

Petitioner's Motion for Leave to File Out-of-Time Reply to Respondents Motion to Dismiss and Emergency Motion for Limited Preservation Relief is GRANTED IN PART, (Dkt. 23). Specifically, the Court grants Petitioner's Motion for Leave to File Out-of-Time Reply and considered the arguments raised in his Reply. The Clerk of Court is DIRECTED to enter Dkt. No. 23, Attachment 1 into the record.

Petitioner's Amended Petition for Writ of Habeas Corpus, (Dkt. 19), is DENIED. Petitioner's pending motions, (Dkts. 20, 25) are DENIED as MOOT. Respondents Motion to Dismiss Amended Petition for Writ of Habeas Corpus, (Dkt. 21), is DENIED as moot.

The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this April 9, 2026.

Diana Saldaña
United States District Judge